**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CENTRAL ISLIP DIVISION**

JOHN F. MALIA,

                    Plaintiff,

          vs.

CATHOLIC CEMETERIES OF THE
ROMAN CATHOLIC DIOCESE OF
ROCKVILLE CENTRE, INC.,

                    Defendant.

Case No.: 2:26-cv-3134

**COMPLAINT AND DEMAND FOR
JURY TRIAL**

Plaintiff, JOHN F. MALIA (hereinafter the "Plaintiff"), by and through his attorneys, Sage Legal LLC, hereby complains of the Defendant, Catholic Cemeteries of The Roman Catholic Diocese of Rockville Centre, Inc. (hereinafter the "Defendant"), upon information and belief, as follows:

**NATURE OF THE ACTION**

1.      Plaintiff brings this case alleging that Defendant has violated the Americans with Disabilities Act's ("ADA"), as amended by the ADA Amendments Act ("ADAAA") (42 U.S.C. §§ 12101 to 12213) and the New York State Human Rights Law ("NYSHRL") (N.Y.C. Admin. Code §§ 8-101–131), and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated against on the basis of his actual and/or perceived disability and retaliated against following his request for a reasonable accommodation.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, in that this is a civil action arising under the ADA (42 U.S.C. § 12188), a federal law.

3.      This Court has supplemental jurisdiction over related state claims of the NYSHRL (N.Y.C. Admin. Code §§ 8-101–131) against Defendant under 28 U.S.C. § 1367 because they arise out of the same common nucleus of operative facts.

4.      Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claim occurred within the Eastern District of the State of New York.

## PROCEDURAL REQUIREMENTS

5.      Plaintiff filed a charge of discrimination upon which this Complaint is based with the United States Equal Employment Opportunity Commission ("EEOC").

6.      Plaintiff received a Notice of Right to Sue (the "Notice") from the EEOC on March 3, 2026 with respect to the herein charges of discrimination and retaliation.

**7.**      A copy of the Notice is annexed hereto as **Exhibit "A."**

8.      This case is being commenced within ninety (90) days of receipt of the Notice.

9.      Plaintiff therefore exhausted his administrative remedies as is required by the ADA.

## PARTIES

10.      At all relevant times, Plaintiff was and is a citizen of the State of New York, residing in Medford, located in Suffolk County.

11.      Upon information and belief, Defendant is a corporation duly existing pursuant to, and by virtue of, laws of the State of New York that is authorized to do business in the State of New York, including in this district.

12.      Upon information and belief, Defendant employs more than fifty (50) employees and is thus subject to all statutes upon which Plaintiff is proceeding herein.

13. At all relevant times, Plaintiff was an employee of Defendant, located at 111 Old Country Road, Westbury, NY, 11590.

## STATEMENT OF FACTS

14. Plaintiff was employed by Defendant since July 5, 2016 wherein he served as one of Defendant's field workers.

15. On April 12, 2024, Plaintiff suffered his first heart attack while working on irrigation repairs.

16. Plaintiff experienced a second heart attack the following day and a third on April 14, 2024, which led to an emergency hospitalization.

17. Plaintiff was discharged on April 16, 2024 after receiving three (3) stents.

18. Despite these serious health issues and the subsequent passing of his stepfather on May 13, 2024, Plaintiff returned to work on May 20, 2024.

19. However, on June 24, 2024, Plaintiff regrettably suffered another cardiac event.

20. Doctors repaired three (3) existing stents and placed two (2) additional stents due to blood clots.

21. Plaintiff was discharged from the hospital on June 28, 2024 with instructions not to return to work pending further tests.

22. On September 25, 2024, Plaintiff received authorization to return to work with restrictions.

23. The same day, Plaintiff called Superintendent Chris Commando ("Commando") and requested a reasonable accommodation; Plaintiff read his doctor's restrictions aloud.

24. Commando immediately responded, "we don't do modified positions."

3

25. Two (2) days later, Plaintiff submitted a formal doctor's note, formalizing his request for an accommodation.

26. In response, Commando again said no modified roles were available and offered to draft a resignation letter for Plaintiff to sign.

27. On October 2, 2024, HR Coordinator Pamela Sugilara called Plaintiff and read a letter claiming he had "declined an office position" and "resigned."

28. Plaintiff denied that he declined any office position and requested a copy of the letter; his request was summarily refused.

29. Plaintiff spoke to Commando on November 7, 2024 about this issue; Commando claimed there had been a misunderstanding and said legal counsel might get involved.

30. Commando did so in order to intimidate and retaliate against Plaintiff.

31. Despite providing the requested documentation corroborating his need for a reasonable accommodation, Plaintiff later received a certified letter terminating his employment.

32. To add insult to injury, Plaintiff was not treated with the same respect and professionalism as other employees.

33. Over his eight (8) year tenure, Plaintiff faced repeated mistreatment by Field Manager Ron Gregory, including verbal abuse and physical sexual assault by a co-worker—Gregory's best friend's son—which another employee witnessed.

34. Despite reporting the incidents and meeting with company leadership, no action was taken.

35. The accused co-worker was promoted, and Plaintiff was passed over for advancement and denied performance reviews for several years.

4

36.    It is clear from the extremely short temporal proximity of Plaintiff's request for accommodations – and Defendant's decision to terminate him thereafter – that the reason to terminate Plaintiff was discriminatory and retaliatory in nature.

37.    Rather than engaging in a meaningful interactive dialogue, Defendant terminated Plaintiff in order to avoid providing a reasonable accommodation as is required by law.

38.    Accordingly, Plaintiff has been unlawfully discriminated against on the basis of his actual and/or perceived disabilities and for requesting an accommodation.

39.    Defendant acted intentionally and intended to harm Plaintiff.

40.    Defendant treated Plaintiff this way solely due to his disability, whether actual and/or perceived and for requesting an accommodation.

41.    Alternatively, Defendant's decision to terminate Plaintiff was at least in part substantially motivated by the advent of his disability and need for reasonable accommodation.

42.    As a result of the acts and conduct complained of herein, Plaintiff has suffered a loss of employment, income, other compensation which such employment entails, and emotional distress damages.

43.    Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

44.    Plaintiff was and is disabled and has a serious health condition within the meaning of the ADA, and the NYSHRL and/or Defendant perceived Plaintiff to be disabled.

45.    Plaintiff is a qualified individual by virtue of his prior experience acting as a field worker who can perform the essential functions of his employment with or without a reasonable accommodation as defined by §12111(8) of the ADA.

5

46. At all times relevant, Plaintiff's disability was a physical impairment which substantially limits one or more major life activities within the meaning of § 12102(1)(A) of the ADA.

47. Defendant unlawfully discriminated against, humiliated, degraded, and belittled Plaintiff and retaliated against him for requesting reasonable accommodations.

48. The above are just some of the ways the Defendant discriminated and retaliated against the Plaintiff while employing him.

49. Plaintiff was offended, disturbed, and humiliated, by the blatantly unlawful, discriminatory, and retaliatory termination.

50. Defendant conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law given the existence of its employment law practice.

51. As such, Plaintiff demands punitive damages as against Defendant.

## CAUSES OF ACTION

### AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT

52. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

53. Section 12112 of the ADA, titled "Discrimination," provides:

a. General rule. - No covered entity shall discriminate against a qualified individual on the basis of **disability** in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment.

54. Defendant violated this section as set herein.

6

## AS A SECOND CAUSE OF ACTION FOR RETALIATION
## <u>UNDER THE AMERICANS WITH DISABILITIES ACT</u>

55.     Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

56.     The ADA prohibits retaliation, interference, coercion, or intimidation.

57.     Section 12203 of the ADA provides:

a.     Retaliation. No person shall discriminate against any individual because such individual has opposed any act or practice made unlawful by this chapter or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter.

b.     Interference, coercion, or intimidation. It shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or his having exercised or enjoyed, or on account of his or his having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter.

58.     Defendant violated this section as set forth herein.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION
## <u>UNDER THE NEW YORK STATE HUMAN RIGHTS LAW</u>

59.     Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set herein at length.

60.     The NYSHRL prohibits discrimination in the hiring, promotions, terminations, and other employment practices on the basis of an individual's disability.

61.     Plaintiff is qualified and performed job duties satisfactorily.

62.     Plaintiff faced adverse employment action from the Defendant when he requested reasonable accommodations.

63.     Defendant's action occurred under circumstances giving rise to an inference of discrimination.

64.    Noticeably, similarly situated individuals not in Plaintiff's protected class were treated more favorably.

## AS A FOURTH CAUSE OF ACTION FOR RETALIATION
## UNDER THE NEW YORK STATE HUMAN RIGHTS LAW

65.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

66.    Under the NYSHRL, N.Y.C. Admin. Code § 8-107(7), it is unlawful for an employer to retaliate against any person who requested or used a reasonable accommodation.

67.    Defendant retaliated against Plaintiff in view of the temporal proximity of the adverse action of the Defendant and the request by the Plaintiff for reasonable accommodations authorized under ADA.

68.    Clearly, Defendant violated the NYSHRL.

## AS A FIFTH CAUSE OF ACTION FOR HOSTILE WORK ENVIRONMENT
## UNDER THE NEW YORK STATE HUMAN RIGHTS LAW

69.    Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

70.    Executive Law § 296 provides for a hostile work environment claim where Plaintiff shows that his work environment involved serious or pervasive harassment of such quality or quantity that a reasonable employee would find the conditions of his employment altered for the worse.

71.    Plaintiff found his work environment to involve serious or pervasive harassment based on his actual and/or perceived disability.

72.    As a direct result of the foregoing, Plaintiff has been damaged in an amount which exceeds the jurisdictional limits of all lower Courts.

## JURY DEMAND AND PRAYER FOR RELIEF

73.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff respectfully demands a jury trial on all issues to be tried.

WHEREFORE, Plaintiff respectfully requests a judgment against the Defendant:

A.    Declaring that Defendant engaged in unlawful employment practices prohibited by the ADA and the NYSHRL, in that Defendant discriminated and retaliated against Plaintiff on the basis of his actual and/or perceived disability and requesting an accommodation.

B.    Awarding damages to Plaintiff for all lost wages and benefits resulting from Defendant's unlawful discrimination and retaliation and to otherwise make him whole for any losses suffered as a result of such unlawful employment practices;

C.    Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

D.    Awarding Plaintiff punitive damages;

E.    Awarding Plaintiff attorneys' fees, costs, disbursements, and expenses incurred in the prosecution of the action;

F.    Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Respectfully submitted this 26th day of May, 2026.

Dated: Flushing, New York
        May 26, 2026                                      Respectfully submitted,

                                                         **SAGE LEGAL LLC**

                                                         By:  */s/ Emanuel Kataev, Esq.*
                                                         Emanuel Kataev, Esq.
                                                         18211 Jamaica Avenue
                                                         Jamaica, NY 11423-2327
                                                         (718) 412-2421 (office)
                                                         (917) 807-7819 (cellular)
                                                         (718) 489-4155 (facsimile)
                                                         emanuel@sagelegal.nyc

                                                         *Attorneys for Plaintiff*
                                                          John F. Malia

9