UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOHN F. MALIA,

                         Plaintiff,                  Case No. 2:26-cv-03134-AYS

        -against-

                                   **ANSWER**

CATHOLIC CEMETERIES OF THE ROMAN
CATHOLIC DIOCESE OF ROCKVILLE
CENTRE, INC.

                        Defendant.
------------------------------------------------------------X

Defendant Catholic Cemeteries of the Roman Catholic Diocese of Rockville Centre, Inc. ("Defendant"), by its attorneys Lewis Brisbois Bisgaard & Smith LLP, as and for its Answer to the Complaint herein, states as follows:

1.      Denies the allegations contained in paragraph 1.

2.      Denies the allegations contained in paragraph 2, except admits that Plaintiff invokes this Court's jurisdiction.

3.      Denies the allegations contained in paragraph 3, except admits that Plaintiff invokes this Court's jurisdiction.

4.      Denies the allegations contained in paragraph 4, except admits that Plaintiff invokes this Court's venue.

5.      Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 and refers to the referenced charge and notice for the contents thereof.

6.      Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 and refers to the referenced notice for the contents thereof.

7.      Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 7 and refers to the referenced notice for the contents thereof.

8.      Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8.

9.      Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 9.

10.      Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 10.

11.      Admits the allegations contained in paragraph 11.

12.      Admits the allegations contained in paragraph 12.

13.      Denies the allegations contained in paragraph 13, except admits that at one time Defendant employed Plaintiff.

14.      Denies the allegations contained in paragraph 14.

15.      Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 15.

16.      Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 16.

17.      Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 17.

18.      Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 18.

19.      Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 19.

20. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 20.

21. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 21.

22. Denies having knowledge or information sufficient to form a belief as to the allegations contained in paragraph 22.

23. Denies the allegations contained in paragraph 23.

24. Denies the allegations contained in paragraph 24.

25. Denies the allegations contained in paragraph 25 and refers to the referenced note for the contents thereof.

26. Denies the allegations contained in paragraph 26.

27. Denies the allegations contained in paragraph 27.

28. Denies the allegations contained in paragraph 28.

29. Denies the allegations contained in paragraph 29.

30. Denies the allegations contained in paragraph 30.

31. Denies the allegations contained in paragraph 31.

32. Denies the allegations contained in paragraph 32.

33. Denies the allegations contained in paragraph 33.

34. Denies the allegations contained in paragraph 34.

35. Denies the allegations contained in paragraph 35.

36. Denies the allegations contained in paragraph 36.

37. Denies the allegations contained in paragraph 37.

38. Denies the allegations contained in paragraph 38.

39.     Denies the allegations contained in paragraph 39.

40.     Denies the allegations contained in paragraph 40.

41.     Denies the allegations contained in paragraph 41.

42.     Denies the allegations contained in paragraph 42.

43.     Denies the allegations contained in paragraph 43.

44.     Denies the allegations contained in paragraph 44.

45.     Denies the allegations contained in paragraph 45.

46.     Denies the allegations contained in paragraph 46.

47.     Denies the allegations contained in paragraph 47.

48.     Denies the allegations contained in paragraph 48.

49.     Denies the allegations contained in paragraph 49.

50.     Denies the allegations contained in paragraph 50.

51.     Denies the allegations contained in paragraph 51.

**AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION
UNDER THE AMERICANS WITH DISABILITIES ACT**

52.     Repeats and incorporates by reference all of the allegations contained in paragraphs 1 through 51.

53.     Denies the allegations contained in paragraph 53 and refers all questions of law to the Court.

54.     Denies the allegations contained in paragraph 54.

**AS A SECOND CAUSE OF ACTION FOR RETALIATION
UNDER THE AMERICANS WITH DISABILITIES ACT**

55.     Repeats and incorporates by reference all of the allegations contained in paragraphs 1 through 54.

178673599.3                                 4

56.     Denies the allegations contained in paragraph 56 and refers all questions of law to the Court.

57.     Denies the allegations contained in paragraph 57 and refers all questions of law to the Court.

58.     Denies the allegations contained in paragraph 58.

**AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION
UNDER THE NEW YORK STATE HUMAN RIGHTS LAW**

59.     Repeats and incorporates by reference all of the allegations contained in paragraphs 1 through 58.

60.     Denies the allegations contained in paragraph 60 and refers all questions of law to the Court.

61.     Denies the allegations contained in paragraph 61.

62.     Denies the allegations contained in paragraph 62.

63.     Denies the allegations contained in paragraph 63.

64.     Denies the allegations contained in paragraph 64.

**AS A FOURTH CAUSE OF ACTION FOR RETALIATION
UNDER THE NEW YORK STATE HUMAN RIGHTS LAW**

65.     Repeats and incorporates by reference all of the allegations contained in paragraphs 1 through 64.

66.     Denies the allegations contained in paragraph 66 and refers all questions of law to the Court.

67.     Denies the allegations contained in paragraph 67.

68.     Denies the allegations contained in paragraph 68

178673599.3                                              5

## AS A FIFTH CAUSE OF ACTION FOR HOSTILE WORK ENVIRONMENT UNDER THE NEW YORK STATE HUMAN RIGHTS LAW

69.    Repeats and incorporates by reference all of the allegations contained in paragraphs 1 through 68.

70.    Denies the allegations contained in paragraph 70 and refers all questions of law to the Court.

71.    Denies the allegations contained in paragraph 71.

72.    Denies the allegations contained in paragraph 72.

## JURY DEMAND

73.    No response is required to the allegation contained in paragraph 73.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state any claims upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate his alleged damages.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff has suffered no damages attributable to actionable conduct by Defendant.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of waiver or release of claims.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands and or equitable estoppel and/or *in pari delicto*.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of ratification, confirmation, and acquiescence.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant acted reasonably and in proper and lawful exercise of discretion and business judgment and without intent to violate Plaintiff's rights, and Defendant's actions were not discriminatory, retaliatory or otherwise actionable.

## NINTH AFFIRMATIVE DEFENSE

Defendant did not encourage, condone, approve, or participate in any allegedly discriminatory, retaliatory, or otherwise actionable conduct.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant acted reasonably and in good faith.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant's actions were based on an honest, reasonable, and good faith belief in the facts as known and understood at the time.

## TWELFTH AFFIRMATIVE DEFENSE

Defendant's conduct with regard to Plaintiff, if any, was privileged, justified, and in good faith.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Defendant's actions were a just and proper exercise of managerial discretion and business judgment, which were undertaken for a fair and honest reason and made in good faith under the then-existing circumstances.

178673599.3

7

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped by his own conduct from asserting any and all claims he may have had against Defendant arising from the transactions and occurrences set forth in the Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

### SIXTEENTH AFFIRMATIVE DEFENSE

Defendant's actions, if any, were not intentional, willful, malicious, wanton, or carried out with reckless disregard to Plaintiff.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover punitive damages because Defendant did not engage in any wrongful conduct with malice, recklessness, willful or wanton negligence, indifference to Plaintiff's rights or conscious disregard of the rights of others or conduct so reckless as to amount to such disregard.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, are subject to the caps provided by the Civil Rights Law.

### NINETEENTH AFFIRMATIVE DEFENSE

Awarding punitive damages against Defendant would violate the United States and New York Constitutions.

### TWENTIETH AFFIRMATIVE DEFENSE

Defendant acted in good faith without reckless disregard for Plaintiff's statutory rights, in compliance with and reliance on applicable laws, rules, regulations, rulings, approvals, interpretations, and orders, with reasonable grounds for believing that their actions were in compliance with the law.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because he cannot prove a causal link between Defendant's conduct, if any, and any harm, injury, or damages alleged in the Complaint.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part because the injuries and damages allegedly sustained by Plaintiff were not caused by any negligence, carelessness, culpable conduct, or breach of duty on the part of Defendant.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff is not entitled to recover punitive damages because NYSHRL does not provide for punitive damages.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's alleged damages are *de minimis*.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff cannot show that his alleged employment ended under circumstances giving rise to an inference of discrimination, retaliation, hostile work environment, or unlawful conduct.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendant exercised reasonable care to prevent and promptly correct any discriminatory or retaliatory behavior, and Plaintiff unreasonably failed to take timely advantage of the preventive or corrective opportunities to avoid the harm complained of.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant had policies and procedures in effect for the prevention and correction of illegal workplace discrimination, harassment, and retaliation, and Defendant exercised reasonable care to prevent and promptly correct any such behavior.

178673599.3

9

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant did not have actual or constructive knowledge of any alleged wrongful acts asserted in the Complaint, did not acquiesce in the alleged wrongful acts, and did not fail to take immediate and appropriate corrective action.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Any recovery by Plaintiff on his federal claims would be subject to the damage caps under 42 U.S.C. Section 1981a(b)(3).

## RESERVATION OF RIGHTS

In addition to the foregoing defenses, Defendant reserves the right to amend the Answer to raise any and all other additional affirmative and other defenses that may become evident during discovery and during any other proceeding in this action or pursue any available counterclaims against Plaintiff as those claims become known during this litigation.

**WHEREFORE**, Defendant demands that judgment be entered as follows:

1.      Dismissing the Complaint in its entirety with prejudice;

2.      Awarding Defendant costs and expenses, including reasonable attorneys' fees; and

3.      Granting such other and further relief as is just and proper.

Dated:   July 30, 2026

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

By:     /s/Peter T. Shapiro
Peter T. Shapiro, Esq.
140 Broadway, Suite 3100
New York, New York 10005
(212) 232-1300
Peter.Shapiro@lewisbrisbois.com
*Attorneys for Defendant*

178673599.3                                      10

To: **SAGE LEGAL LLC**
Emanuel Kataev, Esq.
18211 Jamaica Avenue
Jamaica, NY 11423-2327
(718) 412.2421
emanuel@sagelegal.nyc
*Attorneys for Plaintiff*

178673599.3     11

## CERTIFICATE OF SERVICE

Peter T. Shapiro, an attorney duly Admitted to practice before this Court, certifies that on July 30, 2026, he caused to be filed via ECF Defendant's Answer to the Complaint.

/s/ Peter T. Shapiro
Peter T. Shapiro